

**SO ORDERED.**
**SIGNED this 1st day of April, 2025**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

MICHAEL NEIL BOSSERT

Case No. 3:25-bk-30618-SHB
Chapter 11

Debtor

### ORDER DIRECTING FILING OF CASE MANAGEMENT SUMMARY
### AND INITIAL MOTIONS

Debtor filed the Voluntary Petition commencing this Chapter 11 bankruptcy case on March 31, 2025.  The Court directs the following, if applicable, no later than April 22, 2025:

1.   Debtor shall file a Case Management Summary including but not limited to (a) all locations and a brief description of any sole proprietorship of Debtor and such business's gross annual revenues for the preceding two years; (b) the number of employees and gross wages owed as of the petition date; (c) the status of Debtor's payroll and sales tax obligations; (d) a list of insiders (including relatives of insiders) together with their salaries and benefits at the time of filing and for the preceding year; (e) the reasons Debtor filed for bankruptcy protection; (f) year-to-date amounts owed to creditors, categorized as secured, unsecured priority, and general unsecured, and for the prior fiscal year; (g) a general description and approximate values of

Debtor's current and fixed assets; (h) a brief outline of Debtor's strategic objectives for plan confirmation, including but not limited to potential refinances, cram-downs, and surrender and/or sale of assets; and (i) any anticipated emergency relief to be requested by Debtor within fourteen days after the petition date.

2.   Debtor shall file and serve in accordance with E.D. Tenn. LBR 2002-1(b) any motions for the following:

A. for authority to use cash collateral pursuant to 11 U.S.C. § 363;

B. for approval of post-petition financing pursuant to 11 U.S.C. § 364;

C. for authority to pay pre-petition and/or post-petition wages;

D. for authority to maintain pre-petition bank accounts;

E. for authority to pay pre-petition claims to critical vendors;

F. to determine adequate assurance of payment for utility services; and

G. for approval of any extraordinary or emergency relief not otherwise specified.

If practicable, Debtor shall schedule the hearing on any of the foregoing motions for the Court's first available Chapter 11 docket date as reflected on the Court's website and in compliance with E.D. Tenn. LBR 9013-1(d)(3), if applicable.  Alternatively, if Debtor finds it impracticable to wait until the first available Chapter 11 docket date, Debtor may seek an emergency hearing under E.D. Tenn. LBR 9013-1(g)(1)(xii) and (j) by contacting chambers for an available date for such hearing and serving the motion and notice as required by E.D. Tenn. LBR 9013-1(d)(3).

###