

**SO ORDERED.**
**SIGNED this 24th day of October, 2025**

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

MICHAEL NEIL BOSSERT
dba HEARTLAND, LLC
dba HEARTLAND SALES
dba HEARTLAND BUILDING AND REMODELING

       Debtor

Case No. 3:25-bk-30618-SHB
Chapter 11

## O R D E R

On May 5, 2025, the United States Trustee ("UST") filed a Motion to Dismiss or Convert Case to Chapter 7 ("First Motion") [Doc. 56], arguing that this case should be dismissed or converted for cause under 11 U.S.C. § 1112(b)(4)(C) and (H), including the failure to maintain appropriate insurance and to timely provide information or attend meetings requested by the UST. The First Motion was resolved by the Agreed Order Resolving the Motion of United States Trustee to Dismiss or Convert Case to Chapter 7 ("Agreed Order") entered on May 30, 2025 [Doc. 93]. Under the terms of the Agreed Order, which was approved by counsel for the UST and Debtor's counsel, Debtor was required to (1) provide the UST with insurance for vehicles and equipment; (2) provide the UST with bank statements and cancelled checks; (3) open a debtor-in-possession account and provide the UST with proof that all pre-petition accounts had been closed with the

exception of an account with Debtor's wife into which DSO payments were made; (4) file all delinquent individual and business tax returns; (5) deposit all required employment taxes on the date that payroll was made and provide proof to the UST; and (6) amend statements and schedules to accurately list all information. [*Id*. at ¶¶ 1-7.]  The Agreed Order also stated that "[f]ailure by the Debtor to comply with any provision of this Order shall, upon certification by the [UST], result in conversion of the bankruptcy case without further notice or hearing by the Court." [*Id*. at ¶ 8.]

On August 14, 2025, the UST again filed a Motion to Dismiss or Convert Case ("Second Motion") [Doc. 164], asking the Court to convert or dismiss pursuant to 11 U.S.C. § 1112(b)(4)(C), (E), (F), (H), (I), and (K).  After a hearing held September 11, 2025, and notwithstanding that the UST did not request appointment of a Chapter 11 trustee, and such was not contemplated as a remedy in the Agreed Order entered on May 30, 2025 [Doc. 93], the Court entered an Order on September 12, 2025 [Doc. 181], directing the UST to appoint a Chapter 11 Trustee.  The Order Approving Appointment of John P. Newton, Jr. as Chapter 11 Trustee was entered on September 23, 2025 [Doc. 188].

On October 22, 2025, the Chapter 11 Trustee filed a Notice of Noncompliance and Request to Convert Case to a Case Under Chapter 7 ("Trustee Certification") [Doc. 204].  Pursuant to the Trustee Certification, Debtor advised the Chapter 11 Trustee that payroll deposits for his business, Heartland LLC, "have not been made by the Debtor after each payroll as required by [the Agreed Order]." [*Id*. at ¶ 3.]  Additionally, Debtor provided the Chapter 11 Trustee with only "some of the checking account records to review and the records do not show any tax deposits were actually made for payroll taxes withheld or due by the Debtor since May 30, 2025. [*Id*. at ¶ 4.]

A hearing was held October 23, 2025, on the Trustee Certification, at which Debtor's counsel did not dispute the information contained therein, including that Debtor had not complied with the provisions of the Agreed Order by depositing payroll taxes as required. Accordingly, because the Agreed Order expressly provides for conversion or dismissal without further notice or hearing, and all parties agree that conversion is in the best interest of creditors, the Court directs the following:

1. This case is CONVERTED for cause from Chapter 11 to Chapter 7 as authorized by the Agreed Order Resolving the Motion of the United States Trustee to Dismiss or Convert Case to Chapter 7 entered on May 30, 2025 [Doc. 93].

2. An order for relief shall be entered, and the United States Trustee shall appoint a Chapter 7 Trustee.

3. Upon appointment of a trustee, Debtor and its counsel shall turn over all records and property of the estate in their possession, custody, or control as required by Rule 1019(4) of the Federal Rules of Bankruptcy Procedure.

4. The hearing on the Motion for Relief from Stay filed by ORNL Federal Credit Union on August 12, 2025 [Doc. 162], is CONTINUED to October 30, 2025, at 9:00 a.m., Courtroom 1-C, First Floor, Howard H. Baker Jr. United States Courthouse, 800 Market Street, Knoxville, Tennessee.

###